# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER TALANCON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FRESNO POLICE DEPARTMENT,<br>OFFICER W. DENNIS (#1507), and<br>OFFICER T. MURAY (#1518),<br><br>　　　　　Defendants. | Case No. 1:13-CV-01735-LJO-SMS<br><br>ORDER DISMISSING PLAINTIFF'S<br>FIRST AMENDED COMPLAINT<br>WITH LEAVE TO AMEND<br><br>(Doc. 4) |

## Screening Order

Plaintiff Roger Talancon proceeds *pro se* and *in forma pauperis* in this action under 42 U.S.C. § 1983 alleging excessive force in executing an arrest.

### I.    Screening Requirement

The court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties.  *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  In cases in which the plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint and must dismiss it at any time that the Court concludes that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  "Notwithstanding any filing fee, or portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   <u>Pleading Standards</u>

Federal Rule of Civil Procedure 8(a) provides:

A pleading that states a claim for relief must contain:

> (1)   a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2)   a short and plain statement of the claim showing the pleader is entitled to relief; and
>
> (3)   a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Each allegation must be simple, concise, and direct."  F.R.Civ.P. 8(d).

 "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678

2

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim.

Although Plaintiff generally states that defendants violated his rights in the context of an arrest on January 23, 2013, his claims that officers violated his fourth and fifth amendment rights are merely impermissible legal conclusions. In addition, perfunctory claims such as "False police report"; "Police Investigation"; and "Making Provoking Comments" fail to allege sufficient facts to allow the Court to determine whether Plaintiff states a claim that is cognizable in court.

### III.   Factual Allegations

According to Plaintiff, who is presently confined in an Immigration and Customs Enforcement facility in El Paso, Texas, on January 23, 1013, he was stopped by two unidentified police officers at Washington and Forth Streets in Fresno County. Plaintiff alleges that, in the course of his arrest, he was subjected to an unspecified warrantless search, provocative and threatening comments, and torture while in hand cuffs. He also claims that unspecified personal property was stolen or destroyed. Plaintiff adds that he was detained for six days without seeing a county judge and that an unidentified police officer interrogated his sister, who was under the age of 18.

### IV.   Fresno Police Department

The first amended complaint names the Fresno Police Department as a defendant but includes no allegations against it. Unless the second amended complaint alleges cognizable claims against the Fresno Police Department, it cannot be named as a defendant.

///

## V.   Identifying Defendant Officers and Connecting Them to the Allegations

Because Plaintiff names Officers Dennis and Muray as defendants, they are likely the individuals responsible for the alleged violations of Plaintiff's rights in the course of his arrest.  The Court cannot assume this, however.  The second amended complaint should first identify the officers as the individuals responsible for the alleged acts, then identify which Defendant(s) did which alleged acts.  In other words, each claim must allege specific facts setting forth what happened to Plaintiff that gave raise to his claim and tying the actions of the responsible Defendant or Defendants to each incident of alleged wrongdoing.

Section 1983 provides that "[e]very person who, under color of [state law] . . . subjects or cause to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  The statute plainly requires an actual connection or link between each defendant's actions and the harm allegedly done to the plaintiff.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of §1983, if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff can establish each defendant's "requisite causal connection" either by detailing that defendant's direct, personal participation in an act or omission, or by demonstrating that the defendant knowingly set in motion a series of acts by others that the defendant knew or reasonably should have known would cause the others to inflict constitutional injury on Plaintiff.  A defendant cannot be liable under § 1983 unless an affirmative link or connection exists between that defendant's actions and the claimed injury to Plaintiff.  *May v. Enomoto*, 633 F.2d 164, 167 n. 3 (9th Cir. 1980); *Johnson*, 588 F.2d at 743.

4

**VI.   <u>Fourth Amendment Claim</u>**

Plaintiff alleges that he was arrested without a warrant and "tortured" in the course of his arrest.  Under the Fourth Amendment, made applicable to the states by the Fourteenth Amendment, people are to be secure against unreasonable searches and seizures.  *Maryland v. Pringle*, 540 U.S. 366, 369 (2003); *Mapp v. Ohio*, 367 U.S. 643 (1961).  An officer may arrest a person without a warrant only if there is probable cause to believe that the person has committed or is committing an offense.  *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979).  Each case is determined on its specific facts and circumstances.  *Ornelas v. United States*, 517 U.S. 690, 695-96 (1996).  Those facts and circumstances will determine the Fourth Amendment's reach in a particular case.  *Terry v. Ohio*, 392 U.S. 1, 29 (1968).

A seizure occurs when the government ends a person's freedom of movement by intentionally applied means.  *Scott v. Harris*, 550 U.S. 372, 381 (2007); *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989).  A claim of excessive force in the course of a seizure is properly analyzed under the Fourth Amendment's "objective reasonableness" standard.  *Scott*, 550 U.S. at 381; *Graham v. Connor*, 490 U.S. 386, 388 (1989).  Accordingly, the Court must consider whether the officer's actions were objectively reasonable in light of the facts and circumstances of the arrest, without regard to their underlying intent or motivation.  *Scott*, 550 U.S. at 381; *Graham*, 490 U.S. at 387.  The reasonableness of the type of force used is evaluated from the perspective of an officer on the scene and must include allowance for the fact that police officers are often forced to make a split-second determination of the amount of force necessary to effect the arrest.  *Graham*, 490 U.S. at 387.

Because the complaint includes no factual allegations of the circumstances of the arrest or the nature of the "torture," the Court cannot evaluate whether Plaintiff's Fourth Amendment claims are cognizable.  The second amended complaint must fully set forth the facts of the arrest on which Plaintiff bases his conclusion that arresting him without a warrant was impermissible and that Defendants' used excessive force in making the arrest.

**VII.   Fifth Amendment Claim**

Plaintiff alleges that in the course of his arrest, some of his property was lost or stolen. "[P]roperty rights are cognizable and protectible under the Civil Rights Act." *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  The Due Process Clause of the Fifth Amendment, made applicable to the states by the Fourteenth Amendment, protects against deprivation of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).   An authorized, intentional deprivation of property is actionable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985).  In contrast, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 486 U.S. at 533.

Because Plaintiff provides no factual information regarding his claim for lost or stolen property, the Court cannot determine whether the claim is a cognizable due process claim or whether he must pursue state remedies for the loss or theft.  If Plaintiff elects to include this claim in the second amended complaint, he must allege all relevant facts supporting his claim of lost or stolen property.

**VIII.   Is Plaintiff Questioning the Fact or Nature of His Conviction or Sentence?**

Among other relief, Plaintiff requests expungement of his unspecified conviction.  The only remedy in federal court for prisoners challenging their conviction or sentence is habeas corpus. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Id.* at 484.

Nor can a prisoner claim damages under § 1983 if a judgment in his favor would "necessarily imply" that his conviction or sentence was invalid unless the conviction or sentence was previously

6

invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). *See also Edwards v. Balisok*, 520 U.S. 641, 646-47 (1997). If a prisoner's claim would invalidate his sentence or conviction, the prisoner must pursue appropriate state relief or federal habeas corpus relief for that claim. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). "[A] state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82.

Some claims that Plaintiff raises in this action appear to be an inappropriate basis for § 1983 action. For example, Plaintiff claims that following his arrest, he was not brought before a county judge for six days. Delays of this sort are addressed by rules of criminal procedure and generally are resolved in the course of the proceedings against the criminal defendant, whether at trial or as the result of a direct appeal or a habeas corpus petition.

Similarly, the first amended complaint alleges without detail that officers questioned Plaintiff's minor sister. The complaint sets forth no basis for a constitutional claim based on this questioning. Assuming that the questioning was impermissible, any information obtained in questioning the sister presumably would likely have been addressed in the underlying criminal proceedings, probably as a question of evidence. If the outcome were unfavorable to Plaintiff, it could have been directly appealed or included as part of a habeas corpus petition.

Thus, to the extent that Plaintiff's claims challenge the length or fact of Plaintiff's confinement, they are properly addressed through a habeas petition and are not cognizable in this suit. These include the claims that allege inappropriate procedure in the state court hearing, such as treatment of the questioning of Plaintiff's sister or delay in being brought before a state court judge, since a finding of invalid procedures could invalidate Plaintiff's conviction or sentence.

///

7

## IX.     **Permanent Residency**

Among the requested damages, Plaintiff seeks "Legal Permanent Resident."  The Court is unaware of any basis by which Plaintiff could secure legal permanent residency as damages in a civil rights suit under § 1983.  In light of the near absence of factual allegations in the first amended complaint, the Court will not attempt to speculate on the possible existence of any conceivable scenario under which such unusual damages might be appropriate.

## X.     **Conclusion and Order**

The complaint fails to state a claim upon which relief may be granted.  The court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified in this order.  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*).  Plaintiff should focus on identifying his legal claims and setting forth, as briefly but specifically as possible, the facts linking the Defendants he names to each violation of his rights.

To the extent that Plaintiff intended that one or more claims to challenge the fact or nature of his conviction or confinement, including his allegations of illegal questioning of his minor sister and undue delay in bringing Plaintiff before the state court, those claims are not cognizable in a § 1983 suit, but must be pursued through direct appeal or through a habeas corpus petition.

Finally, the Court reminds Plaintiff that the second amended complaint supersedes both the original complaint and the first amended complaint.  It must be "complete in itself without reference

to the prior or superseded pleading," Local Rule 15-220.     Based on the foregoing, the Court hereby ORDERS

    1.      Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;

    2.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and

    3.      If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, the action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.


DATED:   <u>12/12/2013</u>                          <u>/s/ SANDRA M. SNYDER</u>
                                                    UNITED STATES MAGISTRATE JUDGE